742

## In re VERMONT REAL ESTATE INVESTMENT TRUST, Debtor.

VERMONT REAL ESTATE INVEST-
MENT TRUST, Donald Wooden, Ray-
mond V. Phillips, Judy W. Walke and
Jan C. Otto, Trustees, Plaintiff,

v.

Charles E. CROWELL, Elizabeth Gentile,
Eugene Beaudoin and Crowell, England
& Company, Defendants.

Bankruptcy No. 82–00033.
Adv. No. 82–0072.

United States Bankruptcy Court,
D. Vermont.

June 7, 1982.

Ronald A. Fox, Montpelier, Vt., for
Charles E. Crowell.

Austin B. Noble, and Julian R. Goodrich,
Montpelier, Vt., for debtor.

## MEMORANDUM AND ORDER ON MOTION OF CHARLES E. CROWELL FOR INDEMNIFICATION AND ENLARGEMENT OF TIME

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of Charles E. Crowell for indemnification and enlargement of time filed in the Washington County Superior Court came on for hearing, after notice.

The Debtor instituted an action in the Washington Superior Court of the State of Vermont against Charles E. Crowell, et als., alleging that he mismanaged funds of the Debtor-Trust, made misrepresentations in sale of securities, diverted money and property willfully and intentionally, issued prospectuses and other written documents containing false and misleading statements, gave preferences to certain shareholders, wrongfully commingled Trust funds with those held by him in another capacity and failed to exercise the same degree of care, skill, loyalty and fiduciary towards the Debtor and its shareholders as is owed by a Director to his corporation under Vermont Business Corporation laws. This action for One Million Dollars damages has been transferred to the United States Bankruptcy Court.

Defendant, Charles E. Crowell, now seeks indemnification from the Debtor of any costs, expenses, or other liabilities incurred by him in the defense of this suit and for the payment of his expenses as they are incurred. Crowell's claim for indemnification is based upon section 5.3 of the Declaration of Trust of the Vermont Real Estate Investment Trust, which reads in part as follows:

"5.3 Indemnification. The trust shall indemnify each of its trustees, officers, employees, and agents (including any person who serves at its request as director, officer, partner, trustee or the like of another organization in which it has any

interest as a shareholder, creditor, or otherwise) against all liabilities and expenses, including amounts paid in satisfaction of judgments, in compromise, or as fines and penalties, and counsel fees reasonably incurred by him in connection with the defense or disposition of any action, suit, or other proceeding, whether civil or criminal, in which he may be involved or with which he may be threatened while acting as trustee or as an officer, employee, or agent of the trust or the trustee, as the case may be, or thereafter, by reason of his being or having been such a trustee, officer, employee, or agent except with respect to any matter as to which he shall have been adjudicated to have acted in bad faith with wilful misconduct, or reckless disregard of his duties, or not to have acted in good faith in the reasonable belief that his action was in the best interests of the trust; ... The trustees may make advance payments in connection with indemnification under this paragraph 5.3, provided that the indemnified trustee, officer, employee, or agent shall have given a written undertaking to reimburse the trust in the event it is subsequently determined that he is not entitled to such indemnification."

█ Crowell was one of the co-founders of the Vermont Real Estate Investment Trust and served as its president and as a trustee. He contends that his right to indemnification is to be viewed in the broadest of terms since the above recited provision of the Declaration of Trust was so drafted; that the mere institution of this action by VREIT activates its obligation as indemnitor under its duty to protect the defendant against his expenses for counsel fees reasonably incurred by him. He relies on 41 Am.Jur.2d § 31 at page 722 which reads as follows:

"Where, however, the contract is so expressed as to protect the obligee against any claim, suit, or demand, even the institution of a suit against the obligee has been held to entitle him to an action against his guarantor."

The Debtor, on the other hand, argues that the language of section 5.3 of the Declaration of Trust does not provide for indemnification until there has been a clear adjudication of the actions of Crowell as a trustee and officer in the administration of the Trust and a determination by the Court that he does not fall within the exceptions excusing him from liability; i.e., acting in bad faith, with willful misconduct, or reckless disregard of his duties or not acting in good faith in the reasonable belief that his action was in the best interests of the Trust. It rationalizes that the requirement as to indemnification looks toward the future in that it expressly states that the Trust *shall* indemnify each of its trustees, officers, employees and agents against all liabilities and expenses including amounts paid. Therefore, it contends that until there has been a clear adjudication, the Trust is not obligated to indemnify any of the trustees or officers.

This Court agrees with the Debtor. The express language of the Trust indicates that indemnification is to be provided in the event that liability has been established and there has been an adjudication that the Defendant as trustee and an officer of the Trust does not come within the exception as to bad faith and willful misconduct recited under paragraph 5.3 of the Declaration of Trust. As pointed out by the Debtor, if indemnification were required upon institution of the suit, the provision at the end of the first paragraph of 5.3 giving the trustees the option of making advance payments in connection with indemnification would be meaningless. This option for advance payments tends to establish that indemnification is not required under paragraph 5.3 until liability is established.

█ The indemnification is "against all liabilities [1] and expenses." It has been held that a mere claim or demand against an indemnitee when no legal liability exists does not give rise to a right to indemnity under an agreement to indemnify against liability in the sense of accrued liability. 41 Am.Jur.2d § 31 at page 722 citing *Louis-*

---

1. Underscoring supplied.

*ville & N. R. Co. v. Cullman Warehouse*, 226 Ala. 493, 147 So. 421.

The action of the Debtor against the Defendant is in its initial stage. It is at the point of a mere allegation by the Debtor against the Defendant as trustee that he has mismanaged funds of the debtor Trust, made misrepresentations and engaged in other wrongful acts in the administration of the Trust. Until there has been a trial and an adjudication there can be no determination within the purview of paragraph 5.3 of the Trust as to whether the Defendant is entitled to indemnification. Further, VREIT as a debtor seeking relief under Chapter 11 of the Bankruptcy Code is under an obligation to take whatever action is necessary to realize every possible asset and, in furtherance thereof, to institute whatever suits are necessary to bring about this result. It would be inequitable to require it to furnish indemnification upon the institution of any action and would frustrate its efforts in carrying out its duty to liquidate assets for the benefit of the estate.

In sum, VREIT as the plaintiff in this case both on the basis of the language contained in paragraph 5.3 of the Declaration of Trust and on equitable principles should not be required to furnish indemnification to the Defendant at this time. It may be that after the issues in the suit have been determined that the Defendant may be entitled to indemnification and, if such is the case, the Defendant may then make the necessary application for determination by the Court.

The Debtor has argued in its Memorandum and the indemnification clause to Defendant Crowell is contrary to public policy. This is not a matter for consideration at this time but it may very well become an issue for consideration after the case is tried and further application is made by the Defendant for indemnification.

In his Reply Memorandum, Crowell suggests that if the Debtor is not required to indemnify him for his expenses and does not require the Debtor to escrow funds for reimbursement for expenses then, as an alternative, the Court should grant Crowell a priority equivalent to that of an administrative expense assuming a favorable outcome of the proceedings for Crowell. Since the Court feels that Crowell is not entitled to indemnification as of now the matter of allowing Crowell a priority equivalent to administrative expense should be held in abeyance until such time as there has been an adjudication of the liability issue. When this has occurred, Crowell may make a claim for the allowance of his expenses as an administrative expense and attempt to bring himself within the purview of § 507 of the Bankruptcy Code which recites the expenses and claims entitled to priority of payment.

Since Crowell did on April 5, 1982 file an Answer to the Debtor's Complaint, that part of the Motion relating to enlargement of time to file an answer has become moot.

## ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the Motion of the Defendant, Charles E. Crowell, for indemnification is DENIED.